## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THDL Liquidating LLC, | ) | Case No. 19-11689 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| THDL Liquidating LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. 19-50280 (JTD) |
| | ) | |
| ALEX M. AZAR, II, in his capacity as | ) | |
| Secretary, United States Department of | ) | |
| Health and Human Services; SEEMA | ) | |
| VERMA, in her official capacity as | ) | |
| Administrator, Center for Medicare and | ) | |
| Medicaid Services, | ) | |
| | ) | |
| Defendants. | ) | **Re: Adv. D.I. 50, 75** |

### <u>MEMORANDUM OPINION</u>

This adversary proceeding presents an unusual situation in which both the Plaintiff and the Defendants moved to dismiss the complaint. At first blush, it would seem that the parties are on the same page and, therefore, dismissal should be granted. However, the parties have vastly different reasons for seeking dismissal, with significantly different goals in mind. In light of the Court's previous order compelling Defendants to stop withholding post-petition Medicare reimbursement payments and ordering the turnover of all reimbursements withheld since the petition date (Adv. D.I. 27, 28; the "Stay Order"), dismissal will either undue the Court's previous order, or prevent an appeal of that order.

The Defendants seek dismissal on three separate grounds: 1) that this Court lacks jurisdiction to adjudicate the issues raised in the complaint; 2) that the complaint should be

dismissed for failure to state a claim because the Medicare payments are not property of the estate; and 3) that, even if the Medicare payments are property of the estate, the Defendants' post-petition withholding of the payments fits within the police power exception to the automatic stay. 11 U.S.C. § 362(b)(4). Dismissal on any of these grounds would necessarily vacate the Stay Order. The Plaintiff, on the other hand, argues that the Court should allow it to voluntarily dismiss the adversary because it has served its purpose now that the injunction has been entered. Dismissal on these grounds would leave the injunction in place with no opportunity for the Defendants to develop a record for entry of a final order subject to appeal. Dismissal under either theory is inappropriate.

## I.   Brief Background

On July 30, 2019, the Debtors filed their petitions for relief under Chapter 11 of the Bankruptcy Code. Concurrently with the filing of the petition, the Debtors initiated this adversary seeking a declaratory judgment that the Defendants were in violation of the automatic stay and to enjoin the Defendant from withholding Medicare payments post-petition. On August 29, 2019, the Court issued its Memorandum Opinion and Order. In the Stay Order, the Court granted the relief request by the Plaintiff, enjoined the Defendants from withholding Medicare payments post-petition, and ordered the Defendants to release all payments withheld post-petition. As a result of the Stay Order, Defendants turned over approximately $5.2 million to Plaintiff in Medicare reimbursements.

On September 12, 2019, the Defendants appealed the Stay Order to the District Court. Both this Court and the District Court denied the Defendants' request for a stay pending appeal. (Adv. D.I. 57, 71). On March 27, 2020, the District Court dismissed the appeal reasoning that it was premature for the District Court to accept the appeal before this Court had the opportunity to fully

develop the factual record with respect to whether the Plaintiff engaged in fraud post-petition, such that the post-petition withholding of Medicare payments would fit within the police power exception under section 362(b)(4) of the Bankruptcy Code. (Adv. D.I. 82; the "District Court Order").

## II. Discussion

### a.  The Defendants' Motion

The Defendants previously raised all of the arguments presented in their Motion to Dismiss in opposition to the Plaintiff's Motion for a Preliminary Injunction. (Adv. D.I. 11). The Defendants first challenged whether the Court had jurisdiction due to the ongoing administrative review process. The Court considered the issue and, following the Third Circuit in *University Medical Center*, found that the Bankruptcy Code provided an independent basis for bankruptcy court jurisdiction—exhaustion of administrative remedies notwithstanding. Stay Order at 4 (citing *University Medical Center v. Sullivan*, 973 F.2d 1065, 1073-74 (3rd Cir. 1992)). With respect to whether the Medicare payments constituted property of the estate, the court found that, given its broad definition, "property of the estate" includes even the "mere opportunity" to receive the Medicare payments. Stay Order at 6.

The Court also rejected the Defendants' last argument that the post-petition withholding of those payments fit within the police power exception to the automatic stay, stating that "[n]othing in the record suggests that the Defendants' withholding of the post-petition Medicare payments is for any purpose other than protecting its pecuniary interest in property of the estate over the interests of other unsecured creditors." Stay Order at 8. Notably, prior to the August 22, 2019 oral argument on Plaintiff's Preliminary Injunction Motion, the Defendants entered into an agreement with the Plaintiff that it would not introduce evidence that it knew was crucial to the success of its

position that the police power exception applied. Notwithstanding that agreement, at oral argument the Defendants asserted that there were post-petition fraud allegations that were being investigated and attempted to introduce declarations that were clearly inadmissible hearsay. The Court sustained Plaintiff's objection to the introduction of the declarations. Aug. 22, 2019 Hr'g Tr. 28:1-29:16. That does not mean, however, that the Defendants are precluded from seeking to introduce evidence in connection with a final hearing.

During a status conference held on April 16, 2020, the Court granted the Defendants' request for supplemental briefing with respect to the Third Circuit's recent decision in *Denby-Peterson*, which was decided after the Stay Order was entered. Defendants argue that *In re Denby-Peterson,* 941 F.3d 115 (3d Cir. 2019) overrules the Third Circuits prior ruling, albeit not explicitly, in *University Medical Center*. The Court, having considered the supplemental briefing finds *Denby-Peterson* does not overrule *University Medical Center*, and is distinguishable from the facts in this case.

The issue in *Denby-Peterson* revolved around whether, upon notice of the debtor's bankruptcy, a secured creditor's failure to return collateral repossessed pre-petition is a violation of the automatic stay. *Id*. In *Denby-Peterson*, the Third Circuit found that, although a certain secured creditor retained possession of the debtor's property (a car) post-petition, there was no violation of the automatic stay because there was no post-petition affirmative act by the creditor to exercise control over the debtor's property—the creditor was only preserving the "status quo" by continuing to withhold the property. *Id*. at 126.

In its supplemental briefing, the Defendants argue that, since its decision to withhold reimbursements was made pre-petition, the decision to continue withholding post-petition payments is not an affirmative act, but a preservation of the status quo. The Court disagrees. In

*Denby-Peterson*, the creditor only repossessed property in which it held a pre-petition security interest. Here, the Defendants withheld post-petition payments for laboratory tests that the Plaintiff performed post-petition. Indeed, the Defendants did not merely retain the same possession and control over the Debtor's pre-petition property. Rather, by withholding Medicare payments for services performed post-petition, the Defendants engaged in affirmative acts to exercise control over post-petition property of the estate in violation of the automatic stay.

The Defendants also argues that *University Medical Center* does not apply to the facts of this case because the creditor in *University Medical Center* withheld payments permanently, as opposed to temporarily. However, the Court does not find that distinction anywhere in the Third Circuit's *University Medical Center* or *Denby-Peterson* analysis. In *University Medical Center*, where the issue was whether the government's post-petition withholding of Medicare payments violated the automatic stay, the court recognized the bankruptcy court's authority under the Bankruptcy Code to enforce the automatic stay and prevent the government's withholding of post-petition payments. *University Medical Center*, 973 F.2d at 1073. The court in *University Medical Center* emphasized the importance of the automatic stay to preserve a financially troubled Medicare provider with the opportunity to reorganize and continue Medicare benefits. *Id.* at 1084. This is binding precedent that this Court is obligated to follow. Therefore, this Court continues post *Denby-Peterson* to have jurisdiction to determine whether or not the Defendants' withholding of Medicare payments post-petition violated the automatic stay under 11 U.S.C. § 362. Defendants' Motion to Dismiss is therefore denied.

b.  The Plaintiff's Motion

On December 11, 2019, while the Defendants' appeal of the Stay Order was pending, the Plaintiff filed its motion to dismiss. Having been granted much of the relief sought, the Plaintiff

seeks to have the adversary dismissed under Federal Rule of Civil Procedure 41(a)(2), made applicable to this adversary by Federal Rule of Bankruptcy Procedure 7041.

Rule 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Cov. P. 41(a)(2). "The grant or denial of a motion for voluntary dismissal under Rule 41 is within the District Court's sound discretion; the general rule is that such a motion should be granted liberally." Baldinger v. Cronin, 535 F. App'x 78, 80 (3d Cir. 2013). However, the purpose of Rule 41 is to give a party the right to remove its case from the court "when no one else will be prejudiced." *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951); *In re Phillips Petroleum Sec. Litig.*, 109 F.R.D. 602, 605 (D. Del. 1986) (a "plaintiff may remove its case from the court only when no other party will be prejudiced."); *Westinghouse Elec. Corp. v. United Elec. & Mach. Workers*, 194 F.2d 770, 771 (3d Cir. 1952) (dismissal under Rule 41(a)(2) was proper because the dismissal left the defendants in a position that was "essentially no different from that they occupied before the suit was filed.").

In opposing Defendants' appeal of the Stay Order, however, Plaintiff took the position that the appeal was interlocutory because it was "pending a final judgement or entry of an order terminating [this Court's order]." District Court Order at 9. The District Court  agreed with Plaintiff's position and concluded the Stay Order was interlocutory finding that it would be "premature for the [District] Court to accept an appeal before the Bankruptcy Court has had the opportunity to fully develop the factual record on whether the withholding of Medicare payments is for the purpose of preventing fraud as opposed to protecting [Defendants'] pecuniary interests. . . ." District Court Order at 11. Because of the position taken by the Plaintiff on appeal, it cannot now be heard to complain that Defendants had the opportunity to develop the factual record during the Preliminary Injunction hearing and chose not to do so.

Now that the Plaintiff has what it argued was an interlocutory order compelling Defendants to pay over millions of dollars in Medicare payments, it wants to dismiss the Complaint and, thereby, deny the Defendants an opportunity to develop the record, obtain a final order, and appeal the Stay Order. Clearly, Defendants would be prejudiced by a dismissal at this stage of the proceeding. Therefore, Plaintiff's Motion to Dismiss is denied.

### III. Conclusion

For the foregoing reasons, the Court will deny both the Defendants' Motion and the Plaintiff's Motion. The Court will enter an order giving effect to this ruling.

Dated:  July 7, 2020

_____
JOHN T. DORSEY, U.S.B.J.